**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Allen DUGAN, aka David A. Dugan, Defendant–Appellant.**

No. 06–10481.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2007.*

Filed May 17, 2007.

Vincent Q. Kirby, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Philip Hantel, Phoenix, AZ, for Defendant–Appellant.

_____

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and SAND **, Senior District Judge.

MEMORANDUM ***

David Allen Dugan appeals his conviction and sentence for transmitting threats using interstate commerce, in violation of 18 U.S.C. § 875(c). As the facts and the procedural posture of the case are known to both parties, we repeat them here only as necessary.

Dugan first argues that the district court erred in denying his motion to determine mental competency. We disagree. The record fails to demonstrate that a reasonable judge would have a bona fide doubt about Dugan's competence. *See* 18 U.S.C. § 4241(a); *United States v. George*, 85 F.3d 1433, 1437 (9th Cir.1996). Thus, the district court did not err in denying Dugan's motion for a competency hearing. Nor did the district court abuse its discretion in denying Dugan's motion for a psychiatric or psychological examination. *See* 18 U.S.C. § 4241(b); *George*, 85 F.3d at 1436–37.

Dugan next contends that the district court erred in enhancing his sentence under U.S.S.G. § 2A6.1(b)(1) (2005). That section provides a six-level enhancement if "the offense involved any conduct evidencing an intent to carry out such threat." *Id.* Dugan's argument that the district court could not consider conduct occurring prior to the threat for purposes of U.S.S.G.

§ 2A6.1(b)(1) is squarely foreclosed by our precedent. *United States v. Hines*, 26 F.3d 1469, 1473 (9th Cir.1994); *see also* U.S.S.G. § 2A6.1 cmt. n. 1. Finally, the district court did not clearly err in finding that Dugan engaged in conduct evidencing an intent to carry out a threat. Dugan stipulated to the fact that *before* threatening to "shoot[ ] the pipes and machinery in an attempt to shut down production" at Intel Corporation, he purchased an AK–47 assault rifle. Dugan further stipulated to the fact that *after* that threat, he picked up the AK–47 assault rifle, along with 1000 rounds of ammunition and four magazines for that weapon. Because the district court did not err in applying the Guidelines and because Dugan does not challenge the reasonableness of his sentence, the district court's decision is

**AFFIRMED.**

---

** The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.